IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROSIE JEAN JEFFERSON and
WILLIS JEFFERSON                                                               PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 1:08cv-1412-RHW

IMPERIAL PALACE OF MISSISSIPPI, LLC.                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This case is before the Court *sua sponte*, following Plaintiffs' failure to appear for a pretrial/settlement conference duly noticed for February 1, 2010 at 3:00 p.m. All parties have consented to jurisdiction by the U.S. Magistrate Judge [5] pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, and the case was reassigned to the undersigned for all purposes by order [7] entered on January 23, 2009.

The amended scheduling order [25] entered by the Court on August 10, 2009 set this case for settlement conference on January 25, 2010, for pretrial conference on February 1, 2010 at 3:00 p.m., and for jury trial on March 10, 2010. The settlement conference was not held as Plaintiffs' counsel was allowed to withdraw from the case by [47] the Court's order entered on January 5, 2010. That order also allowed the Plaintiffs until January 25, 2010 to either have new counsel enter an appearance or to provide the Court written notice of their intent to represent themselves. On January 22, 2010, Plaintiffs filed [48] their written notice that they desired "to carry on without an attorney." On January 26, 2010, the Court issued [49] a reminder of the "pretrial/settlement conference" conference set for February 1, 2010.

On January 28, 2010, Mr. Jefferson called chambers after receiving the reminder notice about the pretrial/settlement conference set for Monday, February 1, 2010. Mr. Jefferson stated the Plaintiffs could not be here for the conference and they just wanted to dismiss the case, as it was too difficult to pursue from so far away.[1] Chambers advised Mr. Jefferson to write a letter stating what he wanted to do and send it to the clerk's office for filing, and provided him the Clerk's mailing address.

On January 29, 2010, Mr. Jefferson again called chambers, this time stating that Plaintiffs refused to come to the pretrial/settlement conference on Monday, because it is too far away and they were having an ice storm in Florence at the time. Chambers advised, and Mr. Jefferson acknowledged that he understood, that if Plaintiffs did not appear for the conference, the case could be dismissed.

On February 1, 2010, Defendant's counsel and corporate representative appeared for the pretrial/settlement conference. The Plaintiffs did not appear, and the Court has heard nothing more from them.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Fed. R. Civ. P. 41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30. It is therefore,

---

[1] The docket address for Plaintiffs indicates they live in Florence, AL.

**ORDERED** that this case is dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 3rd day of February, 2010.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE